PETER (UNITED STATES v.). See Case No. 16,034.

## Case No. 11,022.

### The PETERHOFF.

[Blatchf. Pr. Cas. 345.] [2]

District Court, S. D. New York. May 7, 1863.

ADMIRALTY — RE-EXAMINATION OF MASTER ON STANDING INTERROGATORIES — RIGHT OF WITNESS TO MODIFY OR ENLARGE TESTIMONY.

1. Under the special circumstances of this case the master of the vessel, who had been examined as a witness in preparatorio, was allowed, on the application of the claimants, to be re-examined on one of the standing interrogatories, on condition that he should at the same time be examined. on certain special interrogatories framed by the court.

2. By the regular course of procedure in a prize suit, a witness cannot claim a right to modify or enlarge his testimony after it has been formally completed and submitted to the court.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Samuel Blatchford, Esq.]

In admiralty.

BETTS, District Judge. Messrs. Martin & Smith, of counsel for the claimants in this suit, read and filed, on the 2d inst., an affidavit in this cause, with a notice to the district attorney and the counsel for the captors, advising them of an application to be made to the court, in the cause, that Stephen Jarman, who had been previously examined in preparatorio as a witness in the cause, "be allowed to add to his answer to the twentieth standing interrogatory in the suit" (theretofore made by him), "the statement contained in the foregoing affidavit, or for such other or further order as the court may deem proper in the premises." On hearing counsel on the part of the claimants and of the witness, Jarman, in support of the said application, and for the libellants in objection thereto, and on reading also the affidavits of the prize commissioner in relation to the conference between himself and the witness, after the examination aforesaid had been taken in the cause, and on adverting to the preparatory proofs transmitted to the court by the prize commissioner, and due consideration being had of the premises, and it appearing to the court therefrom that the examination of the witness Jarman was completed and reduced to writing by the commissioner and attested to by the oath of the witness, on the 1st day of April, 1863, that the report of the testimony of all the witnesses was transmitted to the court and filed therein on the 21st of the same month, and an order granted in the cause by the court, on motion of the district attorney, that the proofs so transmitted by the commissioner be opened, it is considered by the court that the witness is precluded, by the regular course of procedure in a prize suit, from claiming a right to modify or enlarge the testimony before given by him after the same has been formally completed and submitted to the court; but it not being made to appear affirmatively, in opposition to the aforesaid motion, that the witness before named was actually aware that his testimony in the case, as given before the commissioner, had been formally closed and the evidence of the time and circumstances of his interview with the commissioner leaving room for a fair implication, upon his affidavit and that of the commissioner that he was invited to review his answer theretofore given to the twentieth standing interrogatory and to offer further statements in relation thereto, and also that he might have supposed that his oral representations on that interview would be regarded by the commissioner as a continuous and constituent part of his sworn reply to said interrogatory, it is considered by the court that the witness should rightfully be allowed a re-examination by the commissioner upon the aforesaid interrogatory, and be permitted to embody in his answer thereto the explanatory statement and representations set forth in his affidavit made and filed

in support of this application, upon the condition that, at the same time, in making such statement, he be examined by the commissioner upon the following special interrogatories, directed by the court, in pursuance of the standing prize rules, viz.:

Special interrogatories to be administered to Stephen Jarman, in addition to the twentieth standing interrogatory before administered to him, and his replies thereto, to be received on the trial of the cause, in connection with and as explanatory of his answers to the aforesaid standing interrogatory: Special interrogatory number one: Did you know, or had you been informed, or had you reason to believe, after your answers to the stated interrogatory aforesaid had been given by you and written down by the prize commissioner, and when did you first acquire such knowledge, information, or belief, that any other witness and who, being one of the ship's company on the voyage in question, had, after your examination, and when, declared before such commissioner that any papers, and what, on board the vessel and on the voyage inquired about, had been burnt, torn, thrown overboard, destroyed or cancelled, or attempted to be destroyed or cancelled, and by whom, and when? Special interrogatory number two: Did you at any time, and when and where, make or offer any statement or explanation to the prize commissioner previous to your examination and testimony in this suit on the 1st of April, 1863, in relation to the destruction or concealment of any paper or papers, and what, on board the vessel, and on the voyage in question? Special interrogatory number three: Did you apply to the prize commissioner for leave to inspect your answer to the twentieth interrogatory of your own accord, after it had been attested to by you, or was your attention called to it by the commissioner; and did he inquire of you, and when and where, whether you understood that interrogatory and your answer thereto. at the time your testimony was given, or make any other inquiry of you to that purport or effect, and when, and where?

Wherefore it is ordered and decreed that the witness named be permitted to put in his proposed re-examination and statement before the prize commissioner upon the twentieth standing interrogatory, within five days after the entry of this order, on submitting to an examination upon the above special interrogatories; that the prize commissioner give the district attorney immediate notice of the time and place of such re-examination; and that, after the close thereof, he forthwith transmit the amended return of the testimony to this court, in order that the cause may be despatched to a speedy hearing.

[NOTE. Subsequently the vessel and cargo were condemned. Case No. 11,023. A final decree of forfeiture was entered against the vessel and cargo. Id. 11,024. Appeal was then taken to the supreme court where this decree was reversed, except as to a portion of the cargo. 5 Wall. (72 U. S.) 28. Pending the appeal in the supreme court, the district court refused to order the costs of the prize commissioner to be paid out of the funds of this case, holding that the appeal removed the cause from that court, and placed the prize property exclusively under the control of the appellate court. Id. 11,025.]